UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY ANDRE

            Plaintiff,

v.                                        Case No. 97-42-CIV-T-17A

BETTY CASTOR, at al.,

            Defendants.
_____/

## ORDER

Plaintiff filed a complaint seeking injunctive and declaratory relief and for damages under 42 U.S.C. § 1983. While a student at New College, she contends the Defendants, university officials and campus police, violated her First and Fourth Amendment rights by seizing and retaining the sexually explicit video she displayed during an outdoor campus event. In a series of orders, the Court dismissed all her § 1983 claims against the Defendants based on qualified immunity (*see* this Court's order dated May 11, 2000 (doc. 152 at pp. 4-5) outlining the course of the proceedings). All that remains of the action is her requests for declaratory and injunctive relief against the Defendants in their official capacities, namely: (a) "a declaration that the Defendants, in their official capacities, violated her First Amendment right to engage in expressive activities, her Fourth Amendment rights to possess expressive materials, and her Fourteenth Amendment right to procedural due process"; and (b) "an injunction directing that her expressive material -- the video tape seized by the Defendants -- be returned to her." (doc. 153 at p. 1). Given this diminution of the Plaintiff's suit and the Plaintiff's graduation, the issue before the Court is whether the action is moot.

In *Friends of Earth v. Laidlaw Environmental Services Inc.*, __ U.S. __, 120 S.Ct. 693, 709-710 (2000), the Court emphasized the that a plaintiff must continue to possess throughout the litigation the requisite personal interest that existed at its commencement. When she filed the complaint, the Plaintiff sought, aside from money damages, a declaration

she had been constitutionally harmed by the Defendants' actions, a permanent injunction restraining the Defendants from acting in such a manner in the future, and an injunction ordering the Defendants to return the tape to her. Importantly, she also requested the Court review the tape and determine it was protected by the First Amendment (doc. 1, p. 14 at ¶ b).

Since then, the Defendants deposited a copy of the tape in the Court's registry as an exhibit, the Plaintiff graduated from New College, and the Court dismissed her claims for money damages under § 1983. Although she still claims to have some stake in the outcome, I cannot find it. With her graduation, it impossible for the Defendants to repeat their behavior toward her, even assuming their initial actions reached unconstitutional proportions. Any declaration by this Court concluding the Defendants constitutionally harmed her will not redress her alleged injury - the denial of self-expression.

The Plaintiff, apparently recognizing her case and controversy problems, contends she is still suffering from the Defendants' actions. Because the Defendants "unilaterally" deposited her video with Clerk, they continue to deny her ability to "watch, enjoy, or possess" it. The Defendants, she maintains, "were responsible for that deposit, [and] it is to them that the Clerk must release the video." (Citing Local Rule 5.04(c) which instructs the Clerk to return deposited materials to the party who files them).

This argument is nonsense. It is both factually and legally wrong. First, the Plaintiff in her complaint requested this Court review the tape. The Defendants aided that process by delivering it to the clerk. Not once during the over three years this case has been pending has the Plaintiff ever asked to make a copy of the video or substitute the exhibit. This is no surprise. The Plaintiff never made any effort to acquire a copy after her meeting with campus police shortly after they seized it. Aside from her statements in her complaint, she has expressed no interest in "watching, enjoying, or possessing" a copy of *Annie Sprinkle's Sluts and Goddesses Video Workshop, or How to be a Sex Goddess in 101 Easy Steps*. To

2

say the Defendants continue to deny her access to it when she now has the same right to view or copy the exhibit as the Defendants is ridiculous. In fact, since the inception of this lawsuit, Plaintiff has acquired a license from the copyright holder to copy and exhibit the video and therefore could obtain a copy at any time she so desired. (See Declaration of Annie Sprinkle, attached to Order Granting Preliminary Injunction dated January 27, 1997). Moreover, Plaintiff's assertion that the Defendants, by depositing the tape with the clerk so that the Plaintiff's rights of review can be vindicated, continue to infringe her constitutional rights of possession and expression is without any legal support. Certainly, Plaintiff cites none. Any complaint she has about her present inability to watch, enjoy, or possess *Sluts and Goddesses* is her own doing by her inaction.

Because I find the Plaintiff no longer has the same personal interest that existed at the commencement of the litigation, it is

ORDERED:

1. The Defendants motion for summary judgment (doc. 103) is GRANTED in that the remaining causes of action against the Defendants in their official capacity are MOOT.

2. The Clerk is directed to close the case.

3. Pursuant Local Rule 1.01(c), this Court suspends the application of Local Rule 5.04(c). The Plaintiff is directed to retrieve the video tape filed as an exhibit by the Defendant if she so desires. If she does not retrieve the tape within 30 days, it will be destroyed in accordance with Clerk's usual practice. If the Plaintiff files a timely notice of appeal, the Clerk will maintain the exhibit; however, the Plaintiff, if she desires, may make a copy and substitute it for the original filed with Clerk.

DONE AND ORDERED at Tampa, Florida on /2 day of June, 2000.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record